LIEBMAN-SWANEY REALTY CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 8805. Promulgated Sept. 22, 1927.

1. *Held,* that the petitioner is entitled to deduct from gross income an amount incurred and paid as salary during the taxable year.

2. The petitioner is not entitled to have its tax liability computed under section 328 of the Revenue Act of 1918.

*Arthur L. Jones, C. P. A.,* for the petitioner.
*J. L. Deveney, Esq.,* for the respondent.

The respondent has determined a deficiency in income and profits tax for the year 1919 in the amount of $2,417.88, of which approximately $1,700 is in controversy. The issues are whether the petitioner may deduct from gross income certain amounts which it is alleged were incurred and paid in the taxable year as salaries of officers, and whether it is entitled to have its tax liability computed under the provisions of section 328 of the Revenue Act of 1918.

FINDINGS OF FACT.

The petitioner is an Ohio corporation, with its principal office at Youngstown, where it is engaged in the real estate business. Its income is derived from commissions on sales and from profits resulting from trading on its own account. Its total authorized stock is $1,000, divided into 10 shares of the par value of $100, each, all of which were subscribed for, issued, and outstanding, in the taxable year.

The original income-tax return of the petitioner for the year 1919 was that of a personal service corporation, and, in such return, all the net profits were divided in equal shares between two officers who were the only stockholders actually employed in the ·business, and no deduction was made from gross income on account of salaries for officers. Personal service classification was denied by the Commissioner. For the years 1916, 1917, and 1918, the petitioner made corporation income-tax returns and took deductions from gross income on account of salaries to officers.

The by-laws of the petitioner provide that salaries of officers shall be fixed by the directors. During the taxable year such directors were Alfred Liebman and Selma B. Liebman, his wife; Hugh Swaney and Caroline Swaney, his wife; and David F. Griffith, the attorney of the corporation. The laws of Ohio require a minimum of five directors for each corporation organized and operating thereunder. The stock in the names of Selma B. Liebman, Caroline Swaney, and Griffith, was issued to them as qualifying shares. There were no formal meetings of directors during the taxable year, or at any other time. Griffith, the attorney for the corporation, and the petitioner had offices in the same building. Informal meetings of the directors were held almost daily.

For the taxable year Swaney and Liebman were the executive officers of the petitioner, and each of them devoted his entire time to the business. There was a verbal understanding agreed to by all the directors that such officers should each have a drawing account limited by the financial condition and business necessities of the petitioner. Pursuant to this understanding and agreement, Swaney and Liebman, whose personal services produced the greater part of the income of the petitioner, drew various amounts during the taxable year and such payments to them, in the total amount of $4,400, were charged, as drawn, to their respective personal accounts as compensation or salaries for services rendered.

During the taxable year the gross income of the petitioner from all sources was $24,684.44, which was reduced by statutory deductions to the amount of $18,763.70, without deduction of salaries for Swaney and Liebman. Such income was made up of commissions, $17,170.82; profits from sale of properties, $7,513.62.

OPINION.

LANSDON: During the taxable year the petitioner was a close corporation operating under the laws of Ohio. In the circumstances established by the evidence, we are of the opinion that the drawing accounts informally authorized by an oral agreement, to which all stockholders and directors were parties, established the liability of the petitioner for an amount of $4,400 drawn in accordance therewith as compensation or salaries of officers incurred and paid in the year 1919.

There is nothing in the record to indicate that the petitioner is entitled to have its tax liability computed under the provisions of section 328 of the Revenue Act of 1918.

*Judgment will be entered on 10 days' notice, under Rule 50.*

Considered by STERNHAGEN and ARUNDELL.